BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CAPITAL ONE CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2915 |

## MEMORANDUM OF DISTRICT OF COLUMBIA PLAINTIFFS IN SUPPORT OF THE TRANSFER TO AND CONSOLIDATION OR COORDINATION OF RELATED ACTIONS IN THE DISTRICT OF THE DISTRICT OF COLUMBIA

Plaintiffs Kevin Zosiac, Akram Tadrous, Paul Berger, David Bienfait, Mark Bodner, Timothy Davidson, Adam Greenstein, LaToya Jawara, Vicki Johns, David Rosenthal, Stephen Rosenthal, Marcia Sorin Lara Greenstein, and Eliyahu Lipskar (collectively, the "D.C. Plaintiffs") respectfully submit this memorandum of law in support of their motion for transfer to and consolidation or coordination in the United States District Court for the District of the District of Columbia pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel").

### FACTUAL BACKGROUND

Plaintiffs nationwide have now filed over 20 class actions against units of Capital One Financial Corporation (collectively, "Capital One" or "Defendants"), in the wake of Capital One's disclosure of a massive data breach compromising the confidential information of over 100 million payment card customers and applicants. Capital One is the nation's third-largest credit card issuer, according to its website. Plaintiffs in all of the Related Actions allege that Capital One's lax data security measures allowed unauthorized outsiders access to that confidential information over a period of several months preceding the disclosure. *See* Schedule of Related Actions (submitted herewith). The Related Actions generally include counts alleging Capital One's negligence, breach of implied contract, and violations of various state consumer

protection statutes. The Related Actions have been filed on behalf of individuals and small businesses whose confidential information was exposed as a result of those violations.

In light of the substantial legal and factual overlap among the Related Actions, transfer and consolidation or coordination to a single jurisdiction will ensure efficient pre-trial proceedings. The District of the District of Columbia is the most appropriate forum for transfer and consolidation or coordination of the Related Actions for at least the following reasons:

- Capital One is headquartered in McLean, Virginia, closer to the District of Columbia courthouse than any other federal courthouse;

- More Related Actions are pending in the District of the District of Columbia than in any other court;

- The District of the District of Columbia has demonstrated considerable expertise in the management of complex litigation generally, and with respect to data breach litigation in particular; and

- Judge James Boasberg, to whom the District of Columbia cases have been assigned, is an experienced jurist, particularly with regard to complex class litigation.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE TRANSFERRED AND CONSOLIDATED OR COORDINATED FOR PRETRIAL PROCEEDINGS.

The Related Actions should be transferred and consolidated or coordinated for pretrial proceedings pursuant to 28 U.S.C. § 1407(a), which permits transfer and consolidation or coordination of cases that meet three requirements: (1) the cases "involv[e] one or more common questions of fact;" (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;" and (3) transfer and consolidation or coordination "will promote the just

2

and efficient conduct of [the] actions." Transfer to and consolidation or coordination of the actions in the District of the District of Columbia will satisfy each of these objectives.

### A. Transfer And Consolidation Or Coordination Is Appropriate Because The Related Actions Involve One Or More Common Questions Of Fact And Law.

The Panel has consistently held that cases involving overlapping factual and legal issues are particularly appropriate for transfer and consolidation or coordination. The Panel also has consistently determined that related data breach cases satisfy § 1407 requirements, including in a half-dozen cases in just the last three years.[1] The Related Actions share common issues of fact and law, as well as substantially similar allegations. Plaintiffs in each of the Related Actions allege that Capital One's lax data security measures allowed unauthorized outsiders access to Plaintiffs' confidential information. Therefore, the Related Actions should be transferred and consolidated or coordinated in one judicial district.

The common questions before the courts in the Related Actions include but are not limited to the following:

- Whether Capital One's data security systems prior to the data breach met the requirements of the applicable laws;

- Whether Capital One's data security systems prior to the data breach met industry standards;

- Whether Plaintiffs' and other class members' confidential information was compromised as a result of the data breach; and

---

[1] *See* MDL-2879, *In re: Marriott International, Inc., Customer Data Security Breach Litig.*; MDL-2826, *In re: Uber Technologies, Inc., Data Security Breach Litig.*; MDL-2807, *In re: Sonic Corp. Customer Data Security Breach Litig.*; MDL-2800, *In re: Equifax, Inc., Customer Data Security Breach Litig.*; MDL-2752, *In re: Yahoo! Inc. Customer Data Security Breach Litig.*; MDL-2737, *In re: 21st Century Oncology Customer Data Security Breach Litig.*

3

- The appropriate measure of damages sustained by Plaintiffs and members of the class.

These common questions provide the Panel with good reason to centralize these actions in a single judicial district.

**B.    Transfer and Consolidation or Coordination for Pretrial Proceedings Will Promote the Just and Efficient Conduct of the Related Actions.**

Transfer and consolidation or coordination of the Related Actions for pretrial proceedings will also "promote the just and efficient conduct of [the] actions" in accordance with the third requirement of § 1407(a). The Related Actions will likely involve many of the same pretrial issues, such as those concerning the nature and scope of discovery and the sufficiency of Plaintiffs' allegations. If each district were forced to resolve these issues in separate pretrial proceedings, scarce judicial resources would be needlessly wasted. Moreover, there would be a substantial likelihood that such duplicative proceedings would result in inconsistent rulings, especially regarding the important issue of class certification.[2] Transfer and consolidation or coordination is necessary to avoid these inefficiencies and inconsistencies, and to promote the just and efficient conduct of the Related Actions.

**C.    Transfer and Consolidation or Coordination for Pretrial Proceedings Will Further the Convenience of Parties and Witnesses.**

The Panel has found that the convenience requirement is met when transfer and consolidation or coordination prevent duplicative discovery and inconsistent pretrial rulings.

---

[2] *See In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F. Supp. 3d 1394, 1395 (J.P.M.L. 2014) ("*Gold*"); *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 598 F. Supp. 2d 1366, 1367 (J.P.M.L. 2009) (consolidation "promote[s] the just and efficient conduct of this litigation"); *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (consolidation of cases filed nationwide would prevent inconsistent pretrial rulings).

Here, transfer and consolidation or coordination for pretrial proceedings of the Related Actions will also serve "the convenience of the parties and witnesses" in accordance with the second requirement of § 1407(a). *See Gold*, 38 F. Supp. 3d at 1395 ("Centralization will eliminate duplicative discovery . . . prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.").

In this instance, convenience requires transfer and consolidation or coordination. Plaintiffs' similar allegations as to Capital One's misconduct in each of the Related Actions will require duplicative discovery and pretrial proceedings unless they are transferred and consolidated or coordinated in one district for pretrial purposes. To prove the claims alleged in the Related Actions, Plaintiffs will request the same documents and seek to depose many of the same individuals. There is no reason the parties should be required to respond to multiple motions and discovery requests or to require the parties and witnesses to travel throughout the United States to appear in multiple proceedings.

Transfer and consolidation or coordination will solve these problems: it will permit the transferee judge to formulate a single, unified pretrial program that minimizes the inconvenience and overall expense for all parties and witnesses. *See id.*; *see also In re Lidoderm Antitrust Litig.*, 11 F. Supp. 3d 1344, 1345 (J.P.M.L. 2014) (same); *In re Aluminum Warehousing Antitrust Litig.*, 988 F. Supp. 2d 1362, 1363 (J.P.M.L. 2013) (same).

## II. THE RELATED ACTIONS SHOULD BE TRANSFERRED TO AND CONSOLIDATED OR COORDINATED IN THE DISTRICT OF THE DISTRICT OF COLUMBIA.

The Panel considers a variety of factors when determining the proper venue for transfer and consolidation or coordination. Among the factors to be assessed include: (1) the location of the parties, witnesses and documents; (2) where the greatest number of cases were filed; (3) the

5

relative convenience of each potential venue; and (4) the familiarity and expertise of the transferee district and transferee judge with the underlying issues present in the litigation.[3] These factors support transfer to and consolidation or coordination in the District of the District of Columbia.

### A. A Significant Number Of Defendants, Witnesses, And Evidence Are Located In and Around The District of Columbia.

In deciding which district is appropriate for transfer and consolidation or coordination, the Panel considers the location of defendants. *See In re McCormick & Co. Pepper Products Marketing and Sales Practices Litig.*, MDL 2665 ("*McCormick*"), Dec. 8, 2015 Transfer Order, at 3 (transferring cases to District of Columbia, citing defendant's Baltimore-area headquarters); *In re U.S. Office of Personnel Management Data Security Breach Litig.*, MDL 2664 ("*OPM Data Breach*"), Oct. 9, 2015 Transfer Order, at 2 (transferring cases to District of Columbia where "the federal government defendants are located in that district, and [defendant] KeyPoint has an office in nearby Fairfax, Virginia"). Capital One is the only Defendant that was ultimately responsible for protecting the data of all Plaintiffs and class members, and that maintained direct and relevant business relationships with all Plaintiffs and class members. Thus, the District of the District of Columbia is a particularly appropriate forum when considering the location of the Defendants.

---

[3] *See In re MF Global Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012); *In re Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014); *In re Wal-Mart ATM Fee*, 785 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011); *In re Commodity Exchange, Inc., Silver Futures & Options Trading Litig.*, 775 F. Supp. 2d 1382, 1383 (J.P.M.L. 2011); *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1380 (J.P.M.L. 2012); *In re Cardiac Devices Qui Tam Litig.*, 254 F. Supp. 2d 1370, 1373 (J.P.M.L. 2003).

Likewise, the Panel typically considers the nexus between the evidence and witnesses relevant to the related actions and the location of the MDL proceeding. *See In re Department of Veterans Affairs (VA) Data Theft Litig.*, 461 F. Supp. 2d 1367, 1369 (J.P.M.L. 2006) ("*VA Data Theft*") (transferring cases to District of Columbia). Here, potential witnesses and evidence are likely located in or near the District of Columbia because the principal Defendant, Capital One, is headquartered near the district.

### B. The Greatest Number of Related Actions Have Been Filed In The District of Columbia.

The Panel has often looked to where the greatest number of cases have been filed as a basis for selecting a particular transferee forum. *See, e.g., In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 787 F. Supp. 2d 1355, 1357 (J.P.M.L. 2011); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (selecting transferee district where most actions had been brought). To date, five of the Related Actions have been filed in the District of Columbia—more than in any other district—which favors its selection as the transferee forum.

### C. The District Of Columbia Is The Most Suitable And Convenient Forum For The Related Actions.

In choosing an appropriate transferee district, the Panel also considers the convenience of the parties and potential witnesses. *See* 28 U.S.C. § 1407; *In re Publ'n Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) (selecting the transferee district because the "district is a geographically convenient location, given the location of the principal defendants and potential defendants and witnesses . . . .").

This factor also favors the transfer to and consolidation or coordination of the Related Actions in the District of the District of Columbia. Capital One's headquarters are closer to the District of Columbia courthouse than any other federal courthouse—including any courthouse in

7

the Eastern District of Virginia. In addition, the District of Columbia is a central and easily accessible location for all parties in the Related Actions, a factor that the Panel has given weight in choosing a transferee forum. *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003) (selecting transferee district based, in part, on its geographic centrality). The District of Columbia federal courthouse is less than a mile from Union Station, the terminus for Amtrak's Acela service. The District of Columbia courthouse is also closer to both Baltimore/Washington International Thurgood Marshall Airport and Dulles International Airport than any courthouse in any district in which any Related Cases are pending. The Eastern District of Virginia is inconvenient by comparison, and the Western District of Washington is far more so.

### D. The District of the District of Columbia and Judge Boasberg Have the Experience and Resources to Adjudicate The Related Actions.

Another factor that the Panel considers is the experience of a potential transferee forum in managing multidistrict litigation. *See, e.g., In re Puerto Rican Cabotage Antitrust Litig.*, 571 F. Supp. 2d 1378, 1378 (J.P.M.L. 2008). The District of the District of Columbia has handled numerous complex MDL and non-MDL class actions, including actions involving data breaches. *See, e.g., In re Domestic Airline Travel Antitrust Litig.*, MDL 2656; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL 1869. *See also OPM Data Breach*; *VA Data Theft*.

Moreover, Judge Boasberg, to whom the first Related Action filed in the District of Columbia is assigned, is highly experienced generally, and particularly experienced in the management of class actions and complex and/or high-profile litigation. *See, e.g., United States v. Bayer AG*, 1:18-cv-01241 (D.D.C., Feb. 8, 2019) (approving the DOJ's clearance of Bayer AG's $62 billion deal with Monsanto Co.); *Damus v. Nielsen*, 313 F. Supp. 3d 317, 343 (D.D.C. 2018) (granting preliminary injunction and provisional class certification in case involving the

8

Department of Homeland Security's detention policies for asylum applicants); *McMullen v. Synchrony Bank*, 164 F. Supp. 3d 77, 98 (D.D.C. 2016) (consumer class action); *In re Science Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14 (D.D.C. 2014) (same). Judge Boasberg has also served since 2014 on the U.S. Foreign Intelligence Surveillance Court.

## CONCLUSION

For all of the foregoing reasons, the D.C. Plaintiffs respectfully request that the Panel transfer and consolidate or coordinate the Related Actions to the District of the District of Columbia.

Dated: August 2, 2019

Respectfully submitted,

/s/ Linda P. Nussbaum
Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for Plaintiffs Kevin Zosiac, Akram Tadrous, Paul Berger, David Bienfait, Mark Bodner, Timothy Davidson, Adam Greenstein, LaToya Jawara, Vicki Johns, David Rosenthal, Stephen Rosenthal, Marcia Sorin Lara Greenstein, and Eliyahu Lipskar*

9